UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HOMTEX, INC., an Alabama corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| | ) Civil Action No. 5:11-cv-01349-CLS |
| LEGGETT & PLATT, INC., a Missouri corporation, d/b/a LEGGETT & PLATT CONSUMER PRODUCTS GROUP, STS LINENS, INC., a Georgia corporation, d/b/a SOUTHERN TEXTILES INC., and DOES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

COMES NOW, the Plaintiff, Homtex, Inc. ("Plaintiff" or "Homtex"), and the Defendants, Leggett & Platt, Inc. ("Leggett"), and STS Linens, Inc. ("STS") (collectively "Defendants"), by and through counsel, and file with the Court the following Report of Parties' Planning Meeting under Rule 26(f) of the *Federal Rules of Civil Procedure*.

1. Parties' Planning Meeting. The following persons participated in a Rule 26(f) conference on September 13, 2011, by teleconference:

   a. Lorri W. Cooper and Una Lauricia, attorneys for Homtex; and

   b. Charles A. Stewart III and Stephen H. Hall, attorneys for Leggett and STS.

2. Pending Motions and Procedural Issues Affecting Discovery Plan and Scheduling Order:

   a. Pending Motions.  On August 8, 2011, Leggett and STS filed a Partial Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), seeking dismissal of Counts II, III, and IV of Plaintiff's Complaint.  On August 23, 2011, Homtex filed its Opposition to Defendants' Partial Motion to Dismiss Counts II, III, and IV of the Complaint.

   On August 16, 2011, Leggett and STS filed an Opposed Motion to Stay Proceedings Pending Reexamination of U.S. Patent No. 6,799,341. On September 14, 2011, Homtex filed its Partial Opposition to Defendants' Motion to Stay Proceedings Pending Reexamination of U.S. Patent No. 6,799,341.  On September 20, 2011, Leggett and STS filed a Reply Brief in Support of Motion to Stay Proceedings.

   b. Count I of the Complaint.  Leggett, STS, and Homtex agree that a stay on the patent claims in Count I of the Complaint is appropriate, and respectfully jointly request the Court stay proceedings and discovery related to Count I of the Complaint.

   c. Counts II – IV of the Complaint.

      1. Leggett and STS submit that Counts II-IV of the Complaint are due to be dismissed.  Accordingly, because the parties jointly request the Court stay proceedings and discovery related to Count I of the Complaint, Leggett and STS submit that no Scheduling Order is necessary until the requested stay of Count I is lifted.

      2. Homtex submits that Counts II-IV of the Complaint are not due to be dismissed, and that discovery on Counts II-IV of the Complaint should proceed.

3. Parties' Statements of the Case:

   a. Homtex: Homtex asserts claims against Leggett, STS, and unnamed defendants for (1) infringement of United States Patent No. 6,799,341 ("the '341 patent"); (2) false patent

        marking, 35 U.S.C. § 292(a); (3) false and misleading representations under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (4) deceptive trade practices under Alabama law, Ala. Code § 8-19-1 *et seq*. Homtex seeks compensatory and enhanced damages, preliminary and permanent injunctive relief, pre- and post-judgment interest, and attorney's fees and costs. Homtex denies Leggett and STS are entitled to any of the relief requested in Leggett's and STS's counterclaim.

   b. <u>Leggett and STS</u>: Leggett and STS deny infringing any valid patent or engaging in any tortious conduct and further deny that Homtex is entitled to any of the relief requested in its Complaint. Leggett and STS assert counterclaims again Homtex for declaratory judgment regarding non-infringement of the '341 patent and invalidity of the '341 patent. Leggett and STS seek attorney's fees and costs due to the assertion by Homtex of unfounded patent infringement claims, 35 U.S.C. § 285.

4. <u>Initial Disclosures</u>. If the Court does not stay the proceedings and discovery related to Count I of the Complaint, and/or the Court does not dismiss Counts II-IV of the Complaint, as discussed in Section 2 above, the parties will exchange by **September 30, 2011**, the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and N.D. Ala. L.R. 26.1(a)(1).

5. <u>Discovery Plan</u>. If the Court does not stay the proceedings and discovery related to Count I of the Complaint, and/or the Court does not dismiss Counts II-IV of the Complaint, as discussed in Section 2 above, the parties jointly propose to the Court the following discovery plan:

   a. <u>Discovery will be needed on the following subjects</u>: Plaintiff's claims and other allegations contained in Plaintiff's Complaint and matters incidental thereto; Defendants' defenses and counterclaims and matters incidental thereto; and Plaintiff's damages, defenses thereto, and mitigation thereof.

   b. Under the ALND Uniform Order, all discovery may be commenced after the filing of this Report of the Parties'

Planning Meeting. All claim construction discovery shall be completed by **January 31, 2012**. All fact discovery shall be completed by **May 1, 2012**.

c. Maximum of twenty-five (25) Interrogatories by each party. Responses due thirty (30) days after service.

d. Maximum of forty (40) Requests for Admission by each party. Responses due thirty (30) days after service.

e. Maximum of eight (8) non-expert depositions by each party, with a maximum time limit of seven (7) hours per deposition unless extended by agreement of the parties or by court order, provided, however, that a party's deposition pursuant to Rule 30(b)(6) shall have a maximum time limit of fourteen (14) hours. The parties acknowledge the difficulty of predicting the number of depositions that may be necessary to adequately prepare their case, and agree to confer should the need for more than the proposed number of depositions arise for any party. The parties respectfully request permission to exceed the deposition limit without leave of Court should counsel mutually agree to such additional depositions.

f. Initial expert reports from the party bearing the burden of proof on the issue regarding which the expert will testify are due fourteen (14) days after the Court issues its *Markman* ruling. Opposing expert reports for both parties are due thirty (30) days after service of the initial expert reports. Expert depositions must be completed by forty-five (45) days after expert reports are due, provided expert depositions for claim construction purposes shall be conducted in accordance with the Court's Patent Rules.

g. *Daubert* motions (if any) and dispositive motions deadline: **June 5, 2012**. Movant must file any briefs and supporting evidence with the motion for summary judgment in order for the submission to be deemed timely. Unless otherwise ordered by the Court, responses to *Daubert* and dispositive motions are due twenty-one (21) days after the motion is filed. Replies to responses are due no later than eleven (11) days after the date on which the opponent's responsive submission was due.

      h.      The parties agree to supplement disclosures and responses in a timely manner as required by Fed. R. Civ. P. 26(e) if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing, but no later than thirty (30) days before the close of discovery.

      i.      <u>Disclosure or discovery of electronically stored information should be handled as follows</u>: The parties will produce documents in accordance with the requirements of the Federal Rules of Civil Procedure.

      j.      <u>The parties have agreed that claims of privilege or protection as trial-preparation material asserted after production should be handled as follows</u>: Disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party who receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. Further details will be specified in the Protective Order to be submitted by the parties.

      j.      The parties have agreed that, pursuant to Fed. R. Civ. P. 5(b)(2)(E), service of discovery requests, written discovery responses, motions, correspondence between the parties, etc. shall be made by electronic mail, with copies sent to all attorneys of record for the party served, and that the three-day response time extension of Fed. R. Civ. P. 6(d) shall be applicable to such service.

6.    Other Items.

      a.      The parties do not request a conference with the Court before entry of the Scheduling Order.

      b.      Plaintiff and Defendants should be allowed until **November 7, 2011**, and **November 14, 2011**, respectively, to join additional parties and to amend the pleadings.

    c.    The parties anticipate the need for a Protective Order outlining the disclosure and use of information during this case. The parties are engaged in a conferral process to finalize appropriate details of a Protective Order for joint submission to the Court.

    d.    The parties are evaluating settlement and believe it is more likely possible after an initial amount of discovery by both sides.

    e.    The parties will consider referral to ADR, but believe ADR is more likely to be successful after an initial amount of discovery by both sides.

    f.    The deadline to assert an opinion in response to a willfulness charge is forty-five (45) days prior to the close of fact discovery.

    g.    Final lists of trial witnesses and exhibits under Rule 26(a)(3) and motions *in limine* shall be filed and served thirty (30) days before trial.

    h.    Objections to the final list of witnesses and exhibits and response to motions *in limine* shall be made fifteen (15) days before trial.

    i.    Joint Proposed Pretrial Order, Proposed Jury Instructions, and Form of Verdict: [to be set by the Court at a later date].

    j.    The parties request a final pretrial conference in **September, 2012**.

    k.    The case should be ready for trial by **October, 2012**. At this time, the Parties estimate **the trial will last approximately eight (8) to ten (10) trial days**.

7.    <u>Patent Claim Deadlines</u> (if the Court does not stay the proceedings and discovery related to Count I of the Complaint)

    a.    Disclosure of Asserted Claims and Preliminary Infringement Contentions due: **October 11, 2011**.

    b.    Disclosures from Defendants required by P.R. 3-3 and 3-4 due: **November 22, 2011**.

    c.    Exchange of Proposed Terms and Claim Elements for Construction due:  **November 29, 2011**.

    d.    Exchange of Preliminary Claim Constructions and Extrinsic Evidence due: **December 19, 2011**.

    e.    Joint Claim Construction and Prehearing Statement due: **January 10, 2012**.  The Statement shall contain information specified in the Patent Rules of this Court.

    f.    Claim Constructions Briefs:

        1.    Homtex shall serve and file an opening brief and evidence in support on or before **January 24, 2012**.

        2.    Leggett and STS shall serve and file a responsive brief and supporting evidence on or before **February 7, 2012**.

        3.    The claim construction reply brief of Homtex must be filed on or before **February 14, 2012**.

        4.    Any party submitting an expert declaration in support of its claim construction position must make that expert available for deposition at least seven (7) days before any responsive brief or reply brief is due.

    g.    Claim Construction Hearing: Subject to the convenience of the Court's calendar, two (2) weeks following submission of Homtex's reply brief. The parties anticipate presenting live testimony at the Claim Construction Hearing.  The parties also anticipate that Homtex will present first.  The parties request a Claim Construction Prehearing Conference approximately one (1) week prior to the Claim Construction Hearing.

        (i)    The parties will jointly submit a claim construction chart on computer disk at least ten (10) days before the Claim Construction Hearing.

        (ii)    Any party desiring to call an expert witness at the Claim Construction Hearing must make that expert available for deposition at least seven (7) days prior to the Claim Construction Hearing.

    h.    The parties request the Court to authorize the filing under seal of documents containing confidential information.

    Respectfully submitted,

    <u>s/ Finis E. St. John</u>
    ATTORNEY FOR PLAINTIFF HOMTEX, INC.

    *Of Counsel:*
    St. John & St. John, LLC
    P.O. Box 2130
    Cullman, AL  35056
    (256) 734-3542
    stjohnfe@bellsouth.net

    *Of Counsel, Pro-Hac Vice:*
    Lorri W. Cooper (OH Bar 0075519)
    Una L. Lauricia (OH Bar 0074759)
    Steven J. Solomon (OH Bar 0076876)
    PEARNE & GORDON LLP
    1801 East 9th Street, Suite 1200
    Cleveland, OH  44114
    Telephone: (216) 579-1700
    Facsimile: (216) 579-6073
    *lcooper@pearne.com*
    *ulauricia@pearne.com*
    *ssolomon@pearne.com*

- 9 -

s/Charles A. Stewart III
Charles A. Stewart III (asb-4955-a56c)
**Bradley Arant Boult Cummings LLP**
Alabama Center for Commerce
401 Adams Avenue, Ste. 780
Montgomery, AL  36104
Telephone:  (334) 956-7700
Facsimile:  (334) 956-7701

-and-

Stephen Hall (asb-0559-a58s)
Bradley Arant Boult Cummings LLP
200 Clinton Avenue West
Suite 900
Huntsville, AL  35801-4900
Telephone:  (256) 517-5100

ATTORNEYS FOR LEGGETT & PLATT, INC., AND STS LINENS, INC.